IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Plaintiff,<br><br>**PAUL FERRUZZI**<br>Hatboro, PA<br><br>v.<br><br>Defendants,<br><br>**POND LEHOCKY, LLP**<br>Philadelphia, PA<br><br>**POND LEHOCKY GIORDANO, LLP**<br>Philadelphia, PA | <u>Case No. 2:22-cv-01443-WB</u><br><br>**<u>JURY TRIAL DEMANDED</u>** |

**<u>JOINT REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN</u>**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on May 6, 2022 and submit to the Court the following report of their meeting or the Court's consideration:

**1.     Discussion of Claims, Defenses and Relevant Issues**

**<u>Plaintiff:</u>**  Plaintiff was hired by Defendants in 2007 and demonstrated dedication and consistently excellent performance throughout thirteen (13) years of employment.  In November 2019, Plaintiff was diagnosed with testicular cancer.  As a result, Plaintiff required surgical removal of a cancerous tumor and ongoing surveillance treatment thereafter, which required modifications to his work schedule for routine testing and treatment.  Despite Plaintiff's stellar track record over thirteen (13) years, Plaintiff was terminated only five (5) months later in April 2020 under the guise of a reduction-in-force and ambiguous criticisms of his job performance. Merely one (1) week prior to his termination, Plaintiff had submitted complaints to Defendants'

upper management that staff members had been working compensable overtime hours, but were not clocking-in for or recording those hours due to a fear of being penalized for working overtime.

Plaintiff contends that he was discriminated against on account of his disability (testicular cancer) and retaliated against for (1) seeking reasonable accommodations in connection with his disability and (2) complaining to Defendants' management that compensable overtime hours were not being properly tracked or recorded.

**Defendants:** Defendants maintain that Plaintiff was not in any way discriminated against as a result of medical conditions or alleged complaints regarding compensable overtime hours. Plaintiff was hired in July of 2007 as an Intake Department Manager, but ultimately held several different roles for Defendants until taking the role of Director of Worker's Compensation. Plaintiff was terminated in April of 2020 as a result of insubordination and a progressive decline in Plaintiff's attitude that caused distrust and dismay amongst his team. These issues were brought up to Plaintiff several times throughout his employment, and at times were rectified, but a significant decline in his attitude in the final year of his employment was ultimately the dispositive factor in his termination. Contrary to his allegations, Defendants were supportive through Plaintiffs' diagnoses, the first of which occurred in 2013, and had no bearing on the decision to terminate Plaintiff.

Moreover, on April 14, 2020, Plaintiff was contacted regarding overtime for his team after one of his team members clocked almost 10 hours more than anyone else in a pay period, to which Plaintiff admitted that the staff member did not properly advise him of overtime work, and that he spoke with her about *her* mistakes. This discussion, initiated by Defendants, also had no bearing on the decision to terminate Plaintiff.

2.      **Jurisdictional defects**: The parties are not presently aware of any jurisdictional defects.

**3.** **Self-executing Disclosures:** Plaintiff served his initial Rule 26 disclosures on Defendants on May 5, 2022. Defendants will serve their initial disclosures on May 12, 2022.

**4.** **Formal Discovery:** Plaintiff served his written discovery requests on Defendants on May 4, 2022. Defendants will serve their written discovery requests on Plaintiff on May 12, 2022. The parties anticipate conducting discovery related to Plaintiff's disabilities and medical history; his work performance with Defendants; his requests for accommodations in connection with his disability; the stated reasons for his termination; Defendants' policies and procedures related to tracking and paying compensable overtime hours; Plaintiff's damages; Plaintiff's post-termination job search; and any affirmative defenses raised by Defendants. Plaintiff has sought in his initial discovery requests comparator discovery related to other employees who may potentially be deemed to be "similarly situated" to him. These individuals include employees who reported to the relevant decision-makers and/or held similar job duties and responsibilities during the relevant time period.

The parties have agreed to conduct depositions remotely by Zoom.

The parties propose a fact discovery deadline of September 30, 2022. The parties propose a deadline for submitting dispositive motions of October 31, 2022. The deviation from a general ninety (90) day discovery track arises from Defense Counsel's upcoming nuptials and subsequent eleven (11) day, out-of-country honeymoon this August. While the parties anticipate expeditious and cooperative discovery, defense counsel will be fully out-of-office June 3, 2022, July 7-8, 2022, August 3-5, 2022 and August 19-28, 2022. She will also be unavailable for depositions June 10, June 20-23, and July 25 to August 4, 2022. Given these pre-arranged and wedding related engagements, the parties respectfully request additional time in which to complete fact discovery and file dispositive motions.

5. **Electronic Discovery:** The parties have engaged in discussion regarding the discovery of electronically stored information ("ESI") by agreeing on search terms and relevant custodians. Plaintiff's proposed custodians and search terms were served on Defendants in his First Set of Requests for Documents. The parties will confer as necessary over the scope of the search queries and custodians to ensure that any ESI returned from the searches are proportionate. As to the format of production, Plaintiff has requested that Defendants produce documents as individual files (as opposed to compiled in batch PDF documents). Plaintiff has also requested that Defendants produce documents in either TIFF, TIFF+, or PDF format with a metadata load file containing metadata requested from Defendant. To the extent that no image can be produced for a document (such as excel spreadsheets) the parties agree to produce documents in their native format where necessary. Defendants, however, believe that such requests may be unduly burdensome and not comport with the customary means of storage of the discovery sought, and therefore, must confer with their client to determine the burden of adhering to these requested standards to determine if they are proportionate to the needs of the litigation. Counsel will continue to confer regarding ESI discovery.

6. **Expert Witness Disclosures:** The parties propose an expert report deadline of October 7, 2022. The parties proposed that any rebuttal reports are due by October 21, 2022. The parties propose completing expert depositions by November 21, 2022.

7. **Dispositive Motions:** The parties propose a deadline for submitting dispositive motions of October 31, 2022.

8. **Early Settlement or Resolution:** Plaintiff has served a settlement demand on Defendants. At this time, Defendants have not made a settlement offer

**9.** **Trial Date:**  The parties request that a trial date be set no earlier than 30 days following the Court's ruling on dispositive motions.  Plaintiff's Counsel is currently attached for trial the week of November 14, 2022 before Honorable Chad F. Kenney.

Respectfully Submitted,

| | |
|---|---|
| */s/ Daniel S. Orlow* | */s/ Jenna R. Mathias* |
| **CONSOLE MATTIACCI LAW, LLC** | **BUNKER & RAY** |
| Daniel S. Orlow, Esquire | Jenn Mathias, Esq. |
| 1525 Locust Street, 9th Floor | 436 Walnut Street, WA01A |
| Philadelphia, PA 19102 | Philadelphia, PA 19106 |
| (215) 545-767 | (215) 845-6159 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| | |
| May 9, 2022 | May 9, 2022 |