### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Paul Ferruzzi<br><br>　　　　　Plaintiff(s)<br><br>v.<br><br>Pond Lehocky Giordano, LLP<br>Pond Lehocky, LLP<br><br>　　　　　Defendant(s) | CIVIL ACTION<br><br>NO. 2:22-cv-01443 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS POND LEHOCKY GIORDANO, LLP AND POND LEHOCKY, LLP'S MOTION TO DISMISS PUNTIVE DAMAGES AND PLAINTIFF'S FMLA CLAIM FROM PLAINTIFF'S COMPLAINT**

**I.　　INTRODUCTION AND STATEMENT OF THE CASE**

Plaintiff, Paul Ferruzzi, filed the above-captioned lawsuit on April 16, 2022, alleging five counts of employment-based discrimination, including discrimination and retaliation based upon disability, discrimination and retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"), and for retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). See Plaintiff's Complaint, attached hereto as **"Exhibit A**." Defendants, Pond Lehocky Giordano, LLP and Pond Lehocky, LLP, vehemently deny all allegations of discrimination and/or retaliation.

Plaintiff's Complaint requests punitive damages arising from discrimination and retaliation under Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1100, *et seq*. ("PFPO"). However, even accepting all facts as stated by the Plaintiff as true, Plaintiff has failed to state a cause of action upon which punitive damages can be awarded for either claim,

and therefore, punitive damages must be dismissed from Plaintiff's Complaint.[1] See id. Moreover, Plaintiff has failed to state a claim for FMLA interference and/or retaliation. See id. Therefore, pursuant to F.R.C.P. 12(b)(6), Defendants respectfully request that this Honorable Court dismiss punitive damages as well as Plaintiff's Count V under the FMLA from Plaintiff's Complaint. See id.

### A.   Factual Background

Ferruzzi was hired in May of 2007 as an Intake Department Manager for Defendants, but ultimately held several different roles until taking the role of Director of Worker's Compensation. See **Exhibit A** at ¶ 18, 21. Contrary to Plaintiff's assertions of discrimination and retaliation, Ferruzzi was terminated on April 17, 2020 as a result of insubordination and a progressive decline in Ferruzzi's attitude that caused distrust and dismay amongst his team.

Ferruzzi was, unfortunately, diagnosed with testicular cancer in both 2013 and 2019 while employed for Defendants. See **Exhibit A** at ¶ 23, 29. In both instances, as admitted and alleged by Plaintiff, Plaintiff took an approved medical leave of absence to undergo surgery as a result of the unfortunate diagnoses. See **Exhibit A** at ¶ 27-28, 37-38, 45. At no time does Plaintiff allege that his ability to take time off was prohibited by Defendants. Moreover, at no time does Plaintiff allege that his requests for time off, whether for appointments or treatment, were denied. Plaintiff simply cannot make these allegations in good faith; Plaintiff was allowed to take time off to care for himself because Defendants were always concerned about his well-being. They did not, and would not, step in the way

---

[1] For purposes of the Motion to Dismiss only, Defendants assume as true, without admitting the same, the facts as alleged by Plaintiff in the Complaint, along with any documents relied upon by Plaintiff and pertinent public records. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

of Plaintiff's health.

Plaintiff, however, suggests that he was terminated as a result of his diagnosis and treatment-related requests nearly six (6) months after they were originally made. See **Exhibit A** at ¶ 51, 58, 62, 63-65, 70-72, 77-79. His Complaint, however, is devoid of any allegations supporting his own conclusions regarding discrimination, other than that his termination was preceded, though not immediately, by these accommodated requests. Moreover, Plaintiff suggests that his FMLA rights were violated under theories of interference and retaliation, despite the Complaint lacking any allegation of a failure to permit leave or a direct temporal proximity between a request for leave and his termination. Without more than Plaintiff's bare legal conclusions, Plaintiff cannot request or allege that punitive damages are warranted, nor can he sustain his FMLA claim.

Yet, Plaintiff attempts to do so. In his Introduction and Prayer for Relief, Plaintiff requests punitive damages, though without specific reference to the claim for which these damages are requested. See **Exhibit A** at ¶ Introduction, Prayer for Relief (i). Plaintiff also requests punitive damages in conjunction with his count for discrimination and retaliation under the ADA and PFPO. See **Exhibit A** at ¶ 64, 79. Plaintiff also alleges a Count for interference with and retaliation based on his FMLA rights. See **Exhibit A** at ¶ 90-97. These claims, however, should not be permitted to continue as no facts have been, nor can be, plead to sustain these requests for damages and interference and/or retaliation.

II.   **LEGAL ARGUMENT**

   A.   **Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) examines the legal sufficiency of the complaint.  To survive a motion to dismiss, a complaint must contain sufficient factual

3

matter, accepted as true; to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2008)). Following Iqbal, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id.

The determination of whether a complainant has sufficiently pled a claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950, citing Twombly, 550 U.S. at 556; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (holding that in light of Iqbal, a district court should first separate the factual and legal elements of a claim and then, accepting the "well-pleaded facts as true," the district court "must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"). Ultimately, to survive a motion to dismiss, a plaintiff must plead "***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, citing Twombly, 550 U.S. at 556 (emphasis supplied).

The Court of Appeals expounded on this standard in light of its decision in Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) (construing Twombly in a civil rights context), and the Supreme Court's decision in Iqbal:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable

> for the misconduct alleged." Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.  In light of Iqbal, the Fowler court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint.  Fowler at 210-11.  Next, the court must consider whether the facts alleged sufficiently demonstrate that the plaintiff has a "plausible claim for relief."  Id. at 211.  To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts.  Id. (citing Phillips at 234-35).

As discussed more fully below, Plaintiff fails to allege facts sufficient to sustain his request for punitive damages or his claim for FMLA interference and/or retaliation.

### B. Plaintiff Fails To Plead Facts To Sustain His Demand For Punitive Damages Based On Disability Discrimination Under The ADA and the PFPO

Plaintiff has not pled facts to sustain his demand for punitive damages. In order to demonstrate the availability of punitive damages under the ADA and the PFPO, "the complaining party must demonstrate that the respondent engaged in a discriminatory practice … with **malice or reckless indifference**." 42 U.S.C. § 1981 (a)(b)(1)(2000)(emphasis added). The terms focus on the employer's state of mind and require that "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law." Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565 (3d Cir. 2002)(citing Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535-36 (1993)). For example, in Gagliardo, the Third Circuit found that evidence regarding an employer's knowledge of a disability, their awareness of her rights, **and** that they had **refused** to act

on **any** of Plaintiff's accommodations requests taken together supported the jury's award of punitive damages. 311 F.3d at 573. In order to demonstrate entitlement to punitive damages, a plaintiff must show more than just discrimination, but also a "positive element of conscious wrongdoing" that shows the evil intent of the defendant. Kolstad, 527 U.S. at 538.

Here, Plaintiff has pled nothing more than that he had a disability and was terminated nearly six (6) months later. He has not plead that his accommodation requests were denied or ignored, nor has he alleged that he was denied sufficient time off to tend to his health needs. Not a single allegation in his Complaint suggests any positive element of conscious wrongdoing showing the malicious intent of the defendant. The Complaint relies solely upon a loose temporal connection between his diagnosis and subsequent termination to suggest an inference of discrimination. Without more, the Plaintiff cannot sustain a claim for punitive damages related to alleged disability discrimination.

### C. Plaintiff Is Unable To Claim Punitive Damages Based Upon ADA Retaliation

Plaintiff has also attempted to impermissibly claim punitive damages based upon ADA retaliation. Plaintiff's claims for disability discrimination and retaliation is combined into a singular c|Count under which he requests punitive damages. See **Exhibit A** at ¶ 61-67. In paragraph 64, Plaintiff requests punitive damages by generally alleging that Defendants "have acted with malice and/or reckless indifference toward the federally protected rights of the Plaintiff," but fails to delineate exactly for which ADA claim he seeks punitive damages. The Western, Middle, and Eastern District of Pennsylvania have all maintained that punitive damages are **not** an available remedy for ADA retaliation claims based on the statutory construction of the ADA. See Sabbrese v. Lowe's Home Centers,

Inc., 320 F.Supp. 2d 311 (W.D. Pa. 2004); Baker v. PPL Corp., 2010 WL 19417 (M.D. Pa. 2010); Shellenberger v. Summit Bancorp., Inc., 2006 WL 1531792 (E.D. Pa. 2006). Plaintiff cannot sustain a claim for punitive damages under an ADA retaliation theory, and therefore, the request for punitive damages, which was not sufficiently specific, should be dismissed from Plaintiff's Complaint.

### D. Plaintiff Cannot Sustain a Claim for FMLA Interference and/or Retaliation

29 U.S.C. § 2615(a)(1) of the FMLA prohibits an employer from "interfere[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right" that it guarantees. "Interference" includes "[a]ny violations of the [FMLA] or of these [FMLA] regulations." Fitzgerald v. Shore Mem'l Hosp., 92 F. Supp. 3d 214, 227 (D.N.J. 2015). An interference claim under § 2615(a)(1) is "not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." Id. (citing Callison v. City of Philadelphia, 430 F.3d 117, 120 (3d Cir. 2005)). To prevail on an FMLA interference claim, an employee need show that (1) he was entitled to benefits under the FMLA; and (2) **he was denied them**. Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 312 (3d Cir.2012); Callison, 430 F.3d at 119; Parker v. Hanhemann Univ. Hosp., 234 F.Supp.2d 478, 485 (D.N.J.2002)(emphasis added). No such showing has been made here. Plaintiff has, repeatedly, admitted that he was provided with "medical leave" to attend to his health concerns. See **Exhibit A** at ¶ 27-28, 37-38, 45. He has not, in any portion of his Complaint, alleged that he was denied leave requested under the FMLA; in fact, he never even alleged that he specifically requested FMLA leave. Therefore, this claim must fail.

"While § 2615(a)(1) prohibits employers from interfering with employees' exercise of FMLA rights, § 2615(a)(2) prohibits employers from discriminating against employees who have taken FMLA leave. 29 U.S.C. § 2615(a)(2). Under section (a)(2), an employer is prohibited "from discriminating against an employee ... for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c). An employer also cannot use the taking of FMLA leave as "a negative factor in employment actions, such as hiring, promotions or disciplinary actions." <u>Fitzgerald v. Shore Mem'l Hosp.</u>, 92 F. Supp. 3d 214, 231–32 (D.N.J. 2015); <u>see also</u> <u>Hodgens v. Gen. Dynamics Corp.</u>, 144 F.3d 151, 159–60 (3d Cir.1998).  Again, Plaintiff has not pled that he attempted to take or exercise his FMLA rights, and uses only a very loose temporal connection to suggest retaliation based on approved and paid time off for his surgery. This is not enough factual allegation to sustain his cause of action for FMLA retaliation, and therefore, this claim should be dismissed.

### III.   CONCLUSION

For the forgoing reasons, Defendants respectfully request that this Honorable Court Dismiss Punitive Damages and Plaintiff's FMLA Claim from Plaintiff's Complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  June 13, 2022 | BUNKER & RAY<br>BY:  JENNA R. MATHIAS |

Bar No. 326662
436 Walnut Street, WA01A
Philadelphia, Pennsylvania 19106
(215) 845-6150 (Tel)
(215) 569-0284 (Fax)
jenna.mathias@bunkerray.com
Attorneys for Defendants Pond Lehocky
Giordano, LLP and Pond Lehocky, LLP